IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNEDY MINNIFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0529-KD-N |
| | ) | |
| GRANT CULLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on the petition for habeas relief filed by petitioner (doc. 1), the government's Response (doc. 9), and three motions filed by petitioner: (1) Motion for Evidentiary Hearing (doc. 10); (2) Motion for Production of Documents(doc. 11); and (3) Motion for Evidentiary Hearing (doc. 12).  As the undersigned recommends that the habeas petition be dismissed as a second or successive petition, and it is further recommended that the remaining three motions be denied as moot.

In April, 1986, petitioner Minnifield was convicted in the Bullock County Circuit Court of first degree robbery and attempted murder, and was sentenced to life in prison, and thirty and forty years in prison, respectively.  Minnifield has previously filed two habeas actions concerning these convictions: CV-97-N-158-S, filed in the U.S. District Court for the Northern District of Alabama, and CV-07-492-WS-B, filed in this court.  In the second petition, this court found that his petition was a second or successive petition, pursuant to 28 U.S.C. §2244(b)(3)(A), and was filed without petitioner first having made a request and obtained permission from the Eleventh Circuit Court of Appeals.  See Report and Recommendation entered on February 1, 2008, in Civil Action 07-492-WS-B, attached as Exhibit D to doc. 9.

The rules governing the filing of federal habeas petitions prohibit a petitioner from filing a "second or successive petition" without obtaining permission "authorizing the district court to consider the petition" from the "appropriate court of appeals." 28 U.S.C. §2244(3) (A). Petitioner Minnifield has again filed a second or successive habeas challenge to his convictions without first obtaining permission from the Court of Appeals.  Despite knowledge of the requirement, he has made no showing of any attempt to comply.

This disposition of Minnifield's third habeas petition is based upon clearly established law and no arguably meritorious appeal can be taken therefrom.  The undersigned thus recommends that no Certificate of Appeal be granted in this case.

Accordingly, the undersigned RECOMMENDS that the instant action be DISMISSED with prejudice, and that all pending motions be DENIED as MOOT.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 17th day of March, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.